Melissa Newel (CA SB #148563)
NEWEL LAW
2625 Alcatraz Ave., Suite 132
Berkeley, CA 94705
(510) 316-3827
mnewel@newellawfirm.com
Attorney for Plaintiff
GILBERT SHAW

ERIC GRANT
United States Attorney
MATHEW W. PILE
Head of Program Litigation 1
Social Security Administration/Law & Policy
JAMES KI (WS SB # 42978)
Special Assistant United States Attorney
Program Litigation 1
6401 Security Boulevard
Baltimore, MD 21235
(212) 264-2435
james.ki@ssa.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GILBERT SHAW,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 1:25-cv-02015-GSA

**STIPULATION AND ORDER FOR AWARD AND PAYMENT OF ATTORNEYS FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. §2412(d))**

IT IS HEREBY STIPULATED by and between the parties, through their undersigned attorneys, subject to the approval of the Court, that Gilbert Shaw ("Plaintiff") be awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 (d), in the amount of eight thousand and twelve dollars and twenty-six cents ($8,012.26). This represents compensation for legal services rendered on behalf of Plaintiff by counsel in connection with this civil action. *See*, 28 U.S.C. §2412 (d).

After the Court issues an Order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the attorney fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the Order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt subject to offset, then the government shall cause the payment of fees approved to be made payable to Melissa Newel pursuant to the assignment executed by Plaintiff. Any and all payments made shall be delivered to Plaintiff's counsel, by electronic deposit or check.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. §406(b), subject to the provisions of the EAJA.

Respectfully submitted,

Dated: August 18, 2026

NEWEL LAW

By: *Melissa Newel*
Melissa Newel
Attorney for Plaintiff
GILBERT SHAW

Dated: August 18, 2026

ERIC GRANT
United States Attorney
MATHEW W. PILE
Head of Program Litigation 1
Social Security Administration/Law & Policy

By: James Ki
JAMES KI
(**Authorized by email dated 8/17/2026*
Special Assistant U.S. Attorney
Attorneys for Defendant

**ORDER**

IT IS HEREBY ORDERED that, pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), attorney fees in the amount of **eight thousand and twelve dollars and twenty-six cents ($8,012.26)** be awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated: **August 18, 2026**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE